UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD AZIZ, *et al.*,

            Plaintiff,

v.

WAYNE COUNTY JAIL, *et al.*,

            Defendants.

Civil Action No.: 19-11217
Honorable Denise Page Hood
Magistrate Judge Elizabeth A. Stafford

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [ECF NO. 20]**

**I.   Introduction and Background**

Plaintiff Muhammed Aziz, a detainee proceeding *pro se*, filed his complaint in April 2019 against the Wayne County Jail and Wayne County Sheriff Benny Napoleon, alleging violations of his First Amendment and Eighth Amendment rights. [ECF No. 1]. In July 2019, the Honorable Denise Page Hood dismissed from the case a second plaintiff named in the complaint as well as Wayne County Jail and Sheriff Napoleon, and she added Wayne County as a defendant. [ECF No. 7]. Judge Hood then referred case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 12].

At the beginning of this case, the Court notified Aziz of his responsibility to provide notice of any address changes. [ECF No. 5]. The notice emphasized that "failure to promptly notify the court of a change of address or other contact information may result in **dismissal** of your case." [*Id.* (emphasis in original)]. But beginning in August 2019, the Court's mailings to Aziz have been returned as undeliverable. [ECF No. 14; ECF No. 15; ECF No. 19]. Wayne County's mailing of a witness list to Aziz was also returned as undeliverable. [ECF No. 20-3].

Wayne County thus moved in March 2020 for involuntary dismissal of Aziz's complaint under Federal Rule of Civil Procedure 41(b). [ECF No. 20]. Aziz filed no response, so the Court entered an order for him to "file and serve a notice of his current address by June 17, 2020 or show cause in writing why his complaint should not be dismissed because of his violation of Rule 11.2 and his failure to otherwise prosecute this case." [ECF No. 21, PageID.117]. The Court warned that Aziz's "[f]ailure to timely respond may result in the dismissal of this case." [*Id.*]. The order was returned as undeliverable [ECF No. 22] and Aziz has filed no response to the order to show cause.

**II.     Analysis**

Rule 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements.").  The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "'as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  This Court's local rules also state that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing . . . the case unless good cause is shown." E.D. Mich. LR 41.2.  Except under circumstances that do not apply here, an involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits."

3

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll,* 176 F.3d at 363.

Analysis of the *Knoll* factors weighs in favor of dismissal. First, Aziz's failure to provide the Court with a usable address to reach him is, at very least, his fault. As to the prejudice factor, Wayne County has not been able to engage in meaningful discovery. A "defendant [ ] cannot be expected to defend an action, that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Miles v. Sheffeld*, No. 09-10220, 2009 WL 3497794, at *2 (E.D. Mich. Oct. 28, 2009) (internal quotation marks and citation omitted). The third factor also weighs in favor of dismissal; Aziz was warned early in the case and in the order to show cause that his failure to provide a new address could lead to dismissal. [ECF No. 5; ECF No. 21]. Finally, the Court has no less drastic means of sanctioning Aziz because his address is unknown. Under these

4

circumstances, "dismissal is the only appropriate remedy" because Aziz "has effectively abandoned the case." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, *1 (E.D. Mich. May 14, 2013).

## III. Conclusion

The Court **RECOMMENDS** that Wayne County's motion to dismiss **[ECF No. 20]** be **GRANTED** and that Aziz's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 10, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2020.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager